# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, | : | Civil No. 3:21-CV-1819 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Mehalchick) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| DARIEN HOUSER, | : | Civil No. 3:24-CV-603 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Mehalchick) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| GERALD WATKINS, | : | Civil No. 3:24-CV-604 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| **RALPH STOKES,** | **:** | **Civil No. 3:24-CV-605** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JOHN WETZEL, et al.,** | **:** | **(Magistrate Judge Carlson)** |
| | **:** | |
| **Defendants** | **:** | |

| | | |
|---|---|---|
| **JOSE UDERRA,** | **:** | **Civil No. 3:24-CV-606** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JOHN WETZEL, et al.,** | **:** | **(Magistrate Judge Carlson)** |
| | **:** | |
| **Defendants** | **:** | |

| | | |
|---|---|---|
| **RICHARD A. POPLAWSKI,** | **:** | **Civil No. 3:24-CV-607** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JOHN WETZEL, et al.,** | **:** | **(Magistrate Judge Carlson)** |
| | **:** | |
| **Defendants** | **:** | |

2

## MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

These *pro se* prisoner civil rights actions were originally brought as a single lawsuit by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According to the plaintiffs they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) However, a review of the plaintiffs' complaint reveals that these alleged instances of solitary confinement occurred at different places and times over the past two decades. (Id.) Further, the complaint asserts that each individual prisoner plaintiff suffered from distinct emotional impairments which were exacerbated in different ways by their confinement. (Id.) Thus, factually these six plaintiffs have claims that involved disparate acts and actors which have had different and distinct impacts upon their lives.

On November 10, 2023, this case was referred to the undersigned for case management. Upon review, we noted that there were a number of motions pending in this case, including a motion signed by one plaintiff, George Lopez, who purported to speak on behalf of two other plaintiffs, Richard Poplawski and Gerald Watkins. (Doc. 135). In this motion these three inmate plaintiffs sought to sever their

case from the complaints of plaintiffs Darien Houser, Ralph Stokes, and Jose Uderra. (Id.)

The defendants took no position with respect to this motion, "as it appears to be a dispute between the Plaintiffs." (Doc. 154). However, there was no indication that Uderra, Houser and Stokes were served with a copy of this pleading filed by their erstwhile co-plaintiffs. Moreover, it was uncertain if inmates Richard Poplawski and Gerald Watkins concurred in Lopez's motion to sever parties. Therefore, we were unclear regarding the position of all of these other plaintiffs on this request. Recognizing that this motion highlighted a number of the difficulties, challenges, and perils inherent in multi-plaintiff *pro se* litigation on November 28, 202 we entered an order which denied the *pro se* motion to sever plaintiffs, (Doc. 135), without prejudice and directed the plaintiffs to individually show cause on or before **December 18, 2023**, why their separate claims should not be severed into separate and distinct complaints. (Doc. 160).

We received some partial responses to this order, responses which highlighted the burgeoning procedural chaos and discord which the current collective *pro se* litigation created. Specifically, two of these inmate plaintiffs—Darien Houser and Ralph Stokes—objected to inmate Lopez's plan to unilaterally jettison them this collective lawsuit. (Docs. 164 and 165). For his part, inmate Lopez filed a response which decries the lack of assistance and cooperation from his co-plaintiffs.

Purporting then to speak on his own behalf and on behalf of inmates Richard Poplawski and Gerald Watkins Lopez agreed to the severance of these six cases. (Doc. 170). Poplawski and Watkins did not separately respond to this order. The final *pro se* plaintiff, inmate Uderra, also did not respond to this court order.

Given this procedural posture, we recommended that the increasingly discordant claims of these six inmate plaintiffs be severed. (Doc. 172). The district court adopted this recommendation and these cases have now been severed. (Doc. 192). We then instructed each of the plaintiffs in the separate cases to file a statement with the court indicating whether the plaintiff is proceeding with this individual claim, along with a proposed case management plan outlining what steps the plaintiff believes need to be taken in this litigation on or before **April 26, 2024.**

We have received these statements, which indicate that the plaintiffs all wish to pursue their claims individually and may also wish to each conduct some additional discovery. Given the somewhat chaotic nature in which discovery was pursued,[1] acting out of an abundance of caution we will set the following case management schedule in these cases moving forward:

---

[1] We recognize that the discovery deadlines initially set here have passed. What is less clear is the degree to which the inmate plaintiffs have each individually pursued discovery of their particular claims. While the docket shows active discvery litigation by Plaintiffs Lopez and Houser, we cannot discern whether the remaining inmate-plaintiffs have actively pursued discovery. Therefore, acting out of an abundance of caution we will allow a limited additional period of discovery in these cases.

IT IS ORDERED that following case management deadlines will govern these cases:

**1.  COUNSEL AND <u>PRO SE</u> LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER.**

**2. <u>Schedule</u>**.  The following deadlines, described in greater detail throughout this order, have been established for this case, and may not be modified by the parties. Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed.  **<u>All requests for extensions of discovery deadlines must be made at least thirty (30) days prior to the expiration of the discovery period.</u>  Motions will be granted only on a showing of good cause**.

Close of Discovery:                                          **September 27, 2024**

Dispositive Motions and Supporting Briefs Due:     **September 27, 2024**

Further deadlines will be set following the resolution of any dispositive motions.

**3. <u>Discovery Limitations</u>.**  In the absence of mutual consent to exceed these limits or a court order, the maximum number of interrogatories per side shall be fifteen (15); the maximum number of document production requests per side shall be fifteen (15); and the maximum number of requests for admissions per side shall be fifteen (15).

    **4.  Dispositive Motions.**  Dispositive motions may be filed at any time, but all dispositive motion must be filed, as well as the supporting briefs, on or before **September 27, 2024.**

    Any requests to alter this schedule should be made by written motion.

    So ordered this 17th day of May 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
